ORIGINAL

Of Counsel:
FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

JEROLD T. MATAYOSHI   2747
JTM@fmhc-law.com
Davies Pacific Center
841 Bishop Street, Suite 1200
Honolulu, Hawai`i  96813
Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585

Attorney for PLAINTIFFS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 14 2012

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

CV12 00150 ACK BMK

| | |
|---|---|
| BROADCAST MUSIC, INC.; WARNER-TAMERLANE PUBLISHING CORP.; NIGHT GARDEN MUSIC, A DIVISION OF R.E.M./ATHENS, LTD.; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; TZIAH MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC, <br><br>Plaintiffs,<br><br>vs.<br><br>PEARL ULTRA LOUNGE, LLC d/b/a PEARL ULTRA LOUNGE, MICHAEL L. NORTON and EMI HART, each Individually,<br><br>Defendants. | CIVIL NO. _____<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3.  Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.  The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.  Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This

Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Night Garden Music is a Division of R.E.M./Athens, Ltd. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Universal-Songs of Polygram International Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Rondor Music International, Inc. is a corporation d/b/a Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Tziah Music is a sole proprietorship owned by Treva Busta Rhymes Smith. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Defendant Pearl Ultra Lounge, LLC is a limited liability company organized and existing under the laws of the state of Hawaii, which operates, maintains and controls an establishment known as Pearl Ultra Lounge located at 1450 Ala Moana Boulevard, Suite 3230, Honolulu, Hawaii 96814, in this district (the "Establishment").

12. In connection with the operation of the Establishment, Defendant Pearl Ultra Lounge, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Pearl Ultra Lounge, LLC has a direct financial interest in the Establishment.

14. Defendant Michael L. Norton is a member of Defendant Pearl Ultra Lounge, LLC, with primary responsibility for the operation and management of that limited liability company and the Establishment.

15. Defendant Michael L. Norton has the right and ability to supervise the activities of Defendant Pearl Ultra Lounge, LLC and a direct financial interest in that limited liability company and the Establishment.

16. Defendant Emi Hart is a member of Defendant Pearl Ultra Lounge, LLC, with primary responsibility for the operation and management of that limited liability company and the Establishment.

17. Defendant Emi Hart has the right and ability to supervise the activities of Defendant Pearl Ultra Lounge, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

18. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19. Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

20. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21. For each musical composition identified on the Schedule, the person(s)

named on Line 3 was the creator of that musical composition.

22. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

25. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment,

Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: Honolulu, Hawaii, _____ MAR 1 4 2012 _____.

JEROLD T. MATAYOSHI
Attorney for PLAINTIFFS

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Listen To The Music |
| Line 3 | Writer(s) | Tom Johnston |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 9/1/72    10/10/72 |
| Line 6 | Registration No(s). | Eu 355082  Ep 304554 |
| Line 7 | Date(s) of Infringement | 3/16/2011 |
| Line 8 | Place of Infringement | Pearl Ultra Lounge, LLC |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Losing My Religion |
| Line 3 | Writer(s) | William T. Berry; Peter Lawrence Buck; Mike Mills; Michael Stipe |
| Line 4 | Publisher Plaintiff(s) | Night Garden Music, A Division of R.E.M./Athens, Ltd. |
| Line 5 | Date(s) of Registration | 7/31/91 |
| Line 6 | Registration No(s). | PA 541-342 |
| Line 7 | Date(s) of Infringement | 8/12/2011 |
| Line 8 | Place of Infringement | Pearl Ultra Lounge, LLC |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Rocket Man |
| Line 3 | Writer(s) | Elton John; Bernie Taupin |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 5/8/72 |
| Line 6 | Registration No(s). | Efo 156255 |
| Line 7 | Date(s) of Infringement | 3/16/2011 |
| Line 8 | Place of Infringement | Pearl Ultra Lounge, LLC |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Sitting On The Dock Of The Bay a/k/a Sittin' On The Dock Of The Bay |
| Line 3 | Writer(s) | Steve Cropper; Otis Redding |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 4/7/97  1/22/68  8/25/69  3/13/75  3/13/75  5/15/95  11/20/95  11/20/95 |
| Line 6 | Registration No(s). | RE 760-653  Eu 33492  Ep 264255  Ep 335846  Ep 335847  PAu 2-279-253  PAu 2-069-906  PA 809-368 |
| Line 7 | Date(s) of Infringement | 3/16/2011 |
| Line 8 | Place of Infringement | Pearl Ultra Lounge, LLC |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Put Your Hands Where My Eyes Can See |
| Line 3 | Writer(s) | Jimmy Seals; Trevor Smith |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Treva Busta Rhymes Smith, an individual d/b/a Tziah Music; Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 11/17/97   8/31/98   2/8/99<br>3/13/67   1/6/95 |
| Line 6 | Registration No(s). | PA 842-566   PA 913-190   PA 949-532<br>Eu 986589   RE 689-648 |
| Line 7 | Date(s) of Infringement | 8/12/2011 |
| Line 8 | Place of Infringement | Pearl Ultra Lounge, LLC |